# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALLY JOHN BOGGS,<br><br>Defendant. | CR-05-80-GF-BMM<br><br>**ORDER** |

## INTRODUCTION

Defendant Wally John Boggs ("Boggs") filed a motion for compassionate release on April 22, 2024. (Doc. 80.) Boggs filed subsequently a supplemental brief on June 21, 2024. (Doc. 88.) Boggs filed an additional supplement on July 1, 2024. (Doc. 90.) The government defers to the Court's discretion concerning Boggs's motion. (Doc. 93 at 2.)

Boggs was convicted following a jury trial of two counts of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153 and 2241(a)(1). (Doc. 42.) The jury acquitted Boggs of one count of kidnapping. (*Id.*) The Court sentenced Boggs to 290 months' custody on each count, running concurrently, followed by 5 years' supervised release on each count, running concurrently. (Doc. 66) Boggs's release date is projected to be March 17, 2026. *See* https://www.bop.gov/inmateloc, last

1

viewed July 17, 2024. Boggs is incarcerated at Sandstone FCI. *See id.*

## I.  Availability of Relief Under 18 U.S.C. § 3582

The First Step Act of 2018 permits district courts to reduce an existing term of imprisonment on motion from the defendant so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission; (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a); and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

The Sentencing Commission policy statement, which took effect on November 1, 2023, controls. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254 (May 3, 2023). The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including an "unusually long sentence," accompanied by a subsequent change in the law. U.S. Sent'g Guidelines Manual § 1B1.13(b)(6). To amount to an extraordinary and compelling reason, the defendant must demonstrate three elements: 1) the defendant has served at least 10 years of imprisonment; 2) there must be a change in the law; and 3) the change in the law would produce a gross disparity between the sentence being served and a sentence likely to be imposed at the time of the motion, in light of the defendant's individualized circumstances. *Id.* The Sentencing Commission

further explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* at § 1B1.13(d). Rehabilitation may be considered, however, "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

### II. Whether Boggs has exhausted administrative remedies.

Boggs asserts that he petitioned the warden for compassionate release on January 12, 2024. (Doc. 88 at 6.) The warden denied Boggs's petition on January 24, 2024. (*Id.*) Boggs exhausted administrative remedies as required by statute.

### III. Whether Boggs has demonstrated extraordinary and compelling reasons.

Boggs claims that the imposition of an unusually long sentence, a change in the law, and his record of rehabilitation and contributions to the prison community constitute extraordinary and compelling circumstances. (Doc. 88 at 6-7.) The Court agrees.

Boggs received a two-level enhancement for restraining the victim during sentencing. (*Id.* at 7.) The restraint enhancement, present in 2004 Sentencing Guidelines § 3A1.3, remains present in the current sentencing guidelines. (Doc. 90 at 2.) Boggs argues, however, that he would be subject to a lower offense level if sentenced today. (Doc. 88 at 7-8.) Boggs was acquitted by the jury of the kidnapping charge. (*Id.* at 8.) The Sentencing Commission unanimously voted recently to "prohibit conduct for which a person was acquitted in federal court from being used

3

in calculating a sentencing range under the federal guidelines" on April 17, 2024. (*Id*.) The Sentencing Commission's amendment to § 1B1(c) provides: "[r]elevant conduct [for purposes of determining a defendant's offense level] does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." The application note to the § 1B1(c) amendment instructs:

> Subsection (c) provides that relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction. There may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction. In those cases, the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct.

*Id.* Though not effective until November 1, 2024, the Court deems it prudent to consider Boggs's argument as though the acquitted conduct amendment is applicable.

The Court determines that Boggs's sentence amounts to an unusually long sentence within the meaning of § 1B1.13(b)(6). It remains undisputed that Boggs has served more than 10 years in custody. Boggs was acquitted of the kidnapping charge. (Doc. 42.) It is true, admittedly, that Boggs's conduct likely underlies both the convicted charges of aggravated sexual abuse and the acquitted charge of kidnapping. The Court recognizes that Boggs prevented the victim from leaving her residence, unplugged landline telephones, and prevented the victim from answering

the door when an unknown individual knocked on the door during the incident. The Court gives credence, however, to the jury's verdict of acquittal, and therefore views Boggs's conduct as amounting to acquitted conduct, and, therefore, not amounting to relevant conduct for purposes of determining Boggs's offense level.

Boggs claims that, if the restraint enhancement was not applied, Boggs's total offense level would be 36. (Doc. 88 at 7-8.) The Court calculates that at a total offense level of 36, and a criminal history category of I, Boggs's guideline range would have been 188-235 months. (*Id.* at 8.) Boggs's sentence of 290 months of incarceration stands substantially above the maximum guideline of 235 months of incarceration. (*See* Doc. 66.) This 55-month difference amounts to a gross disparity between Boggs's current sentence and the sentence that Boggs would have likely received had he been sentenced at the time of his motion for compassionate release.

The Court further recognizes Boggs's substantial history of rehabilitation. Boggs submits that he has participated in over fifty education programs while incarcerated. (Doc. 88 at 11); (Doc. 89.) Boggs has participated in programming classes such as Healthy Lifestyles and Reentry Planning and Preparation. (Doc. 88 at 11.) Boggs contends that he facilitates a positive culture through leadership in the prison, a contention supported by fellow inmates in letters of support. (*Id.* at 11-12) (Doc. 88-1 at 8-10.) The Court recognizes that Boggs has taken advantage of his time in the Bureau of Prisons by completing classes that aid his transition out of

5

prison. The Court additionally recognizes Boggs's letters of support, authored by family, fellow inmates, and friends. (*See* Doc. 88-1.)

The Court determines that Boggs's unusually long sentence, considered alongside his rehabilitation accomplishments and good behavior record while incarcerated, amount to extraordinary and compelling reasons pursuant to the Sentencing Commission policy statement.

### IV. Whether granting Boggs' motion comports with the factors set forth in 18 U.S.C. 3553(a).

Section 3553(a) of title eighteen of the U.S. Code provides that pertinent sentencing factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.

The Court recognizes the severity of Boggs's crimes of conviction. Boggs's conviction of two counts of aggravated sexual abuse stemmed from a lengthy attack on the victim, an incident that profoundly effected the victim for a considerable period thereafter. The severity of Boggs's crime does not, however, outweigh the 3553(a) factors supporting Boggs's release.

The Court determines that the 3553(a) factors support Boggs's release. Boggs

has been incarcerated for almost 19 years, a length of time that provides just punishment and reflects the seriousness of the offense for his admittedly reprehensible crimes. Boggs had no criminal history at the time of the offense, and he reports no disciplinary record while incarcerated. These facts demonstrate that Boggs has been deterred from future criminal conduct. Boggs has completed approximately fifty classes while incarcerated, thereby furthering his rehabilitation. The letters filed in support of Boggs indicate that he will be returning to a supportive atmosphere where he will be cattle ranching alongside family. (Doc. 88-1 at 2-3.) It also appears that Boggs will have employment opportunities in construction and construction adjacent companies. (*Id.* at 13.)

## ORDER

Accordingly, **IT IS ORDERED**:

1. Boggs's motion for compassionate release (Doc. 80; Doc. 88.) is **GRANTED.**

2. Pursuant to the original judgment, the total term of supervised release shall be 5 years.

3. This Order is **STAYED** for up to 180 days.

4. The U.S. Probation Office must verify Boggs's residence and establish a release plan with an initial placement in a prerelease center for at least 3 months. Boggs shall be released directly from custody to the Great Falls

Pre-Release Center or other approved facility within the District of Montana. Appropriate travel arrangements must also be made.

5. Boggs shall be released on the earlier of the following dates:

    a. When the U.S. Probation Office is satisfied that the requirements in paragraph four have been met; or

    b. One hundred and eighty (180) days from the date of this order.

6. If more than 180 days are needed to accomplish Boggs's release, the government must notify the Court and demonstrate cause as to why the stay of this order should be extended.

7. The U.S. Probation Office shall review Boggs's conditions of supervised release. If modifications are needed, the U.S. Probation Office shall notify counsel for both parties.

8. Boggs must provide the Court with the complete address where he will reside upon release.

DATED this 17th day of July, 2024.

_____
Brian Morris, Chief District Judge
United States District Court